505 P.2d 1050

**STATE of Arizona, Appellee,**

v.

**David Allen REYNOLDS, Appellant.**

**No. 2 CA–CR 303.**

Court of Appeals of Arizona,
Division 2.

Feb. 8, 1973.

Gary K. Nelson, Atty. Gen. by John S. O'Dowd, Asst. Atty. Gen., and C. Burton Cosgrove, III, Certified Third Year Law Student under Rule 28E, for appellee.

O'Dowd, Fahringer & Diamos by Clay G. Diamos, Tucson, for appellant.

HATHAWAY, Chief Judge.

The sole question presented on this appeal concerns the sufficiency of the evidence to support the defendant's conviction of the offense of vehicular manslaughter.

The defendant was charged with violation of A.R.S. § 13–456, subsec. A, par. 3(b). A.R.S. § 13–456, as amended, reads as follows:

"A. Manslaughter is of three kinds:

1. Voluntary, upon a sudden quarrel or heat of passion.

2. Involuntary, in the commission of an unlawful act not amounting to a felony, or in the commission of a lawful act which might produce death in an unlawful manner, or without due caution and circumspection.

3. In the driving of a vehicle:

(a) In the commission of an unlawful act, not amounting to felony, with gross negligence; or in the commission of a lawful act which might produce death in an unlawful manner, and with gross negligence.

(b) In the commission of an unlawful act, not amounting to felony, without gross negligence.

B. This section shall not be construed as making any homicide in the driving of a vehicle punishable which is not a proximate result of the commission of an unlawful act, not amounting to felony, or of the commission of a lawful act which might produce death in an unlawful manner."

The thrust of defendant's argument on appeal is that mere proof of his commission of an unlawful act, not amounting to a felony, without also proving that the act was committed "without gross negligence" is insufficient to sustain his conviction. In other words, it is his position that the state must prove not only commission of an unlawful act but also that the offender failed to act as a reasonable prudent person under the circumstances.

Briefly, the facts are as follows. The defendant was driving a tractor-trailer truck in a westerly direction on Grant Road, Tucson. As he approached the intersection at Grant Road and North First Avenue, the traffic signal in his direction turned yellow. He applied his brakes but they did not hold. The truck ran into the intersection and collided with a southbound vehicle which had moved into the intersection when the light in its direction turned green. The driver of the favored vehicle was killed.

The investigating officer testified that defendant told him at the scene of the accident that his brakes had failed. No useful purpose would be served by reciting the details of other testimony concerning the condition of the truck. Suffice it to say that it was sufficient to support an inference that the defendant had violated provisions of A.R.S. § 28–952, as amended, as to the adequacy of brakes.

■ Defendant contends that "while the act may well have been unlawful", the state did not prove beyond a reasonable doubt that it was committed "without gross negligence". We do not agree with his position. The state was required to do no more than prove the commission of an unlawful act, to wit driving with inadequate brakes, *and* that such unlawful act was the proximate cause of death. State v. Hupf, 48 Del. 254, 101 A.2d 355 (1953); State v. Kotapish, 171 Ohio St. 349, 171 N.E.2d 505 (1960). The record here would justify the trier of fact in finding that if defendant's truck had had adequate brakes, it would have stopped in time to avoid the collision.

Legislation such as our A.R.S. § 13–456, subsec. A, par. 3, has been prompted by the frequency of tragedies on the highways and the difficulty of obtaining convictions of motorists under the general statutes on homicide. 7 Am.Jur.2d Automobiles and Highway Traffic, § 290. As pointed out in the case of State v. Hupf, supra:

"There are no doubt many regulations applicable to motor vehicles the violation of which does not evince moral turpitude; but it does not seem too much to ask that the automobile driver be held to strict accountability for violation of regulations prescribed by the law-making

power in the interest of public order and safety, if that violation is the cause of the death of another." 101 A.2d at 360.

■ It is true that the legislature has made a distinction between driving of a vehicle in the commission of an unlawful act with gross negligence and in the commission of an unlawful act without gross negligence. We do not import to this distinction a legislative intent to require proof of ordinary negligence in the latter instance.

This distinction is solely for purposes of determining the appropriate punishment under A.R.S. § 13–457, subsec. C, as amended. Absent proof of gross negligence in the commission of an unlawful act, not amounting to a felony, the offense is merely a misdemeanor. Grossly negligent conduct, on the other hand, may be either a felony or a misdemeanor.

[4–6] It is true that homicide is excusable under certain circumstances. A.R.S. § 13–460. Such is not the case here as it cannot be excusable *when it is the result of an unlawful act.* Wiley v. State, 19 Ariz. 346, 170 P. 869 (1918); State v. Browning, 442 S.W.2d 55 (Mo.1969); 40 C.J.S. Homicide § 112. If, as here, the defendant violated a regulation as to brakes and such violation was the proximate cause of the homicide,[1] he is guilty and extenuating circumstances are to be considered solely in mitigation of punishment.

Judgment affirmed.

HOWARD, J., and T. J. MAHONEY, Superior Court Judge, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge T. J. MAHONEY was called to sit in his stead and participate in the determination of this decision.

---

1. Although the problem is not presented in this case, we can conceive of a situation where a sudden brake failure occurs without fault on the part of a defendant, i. e., there is no evidence presented as to inadequacy of the brakes. Under such circumstances, the trier of fact could not find that the homicide was the proximate result of the commisison of an unlawful act.